IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Cr. No. 3:21-16-1** |
| | ) | **(Civ. No. 3:26-1444)** |
| **MIKAL DAVIS** | ) | |

**MILLER NOTICE AND ORDER**

**TO THE PETITIONER IN THE ABOVE ACTION**:

You have filed a "Motion to Vacate, Set Aside and Correct 28 USC 2255," which has been filed at the above referenced docket numbers. ECF No. 2306. You are hereby notified that federal law requires that you include all of your federal constitutional claims challenging a specific conviction and sentence in one habeas corpus petition pursuant to 28 U.S.C. § 2255.

The United States Court of Appeals for the Third Circuit held, in *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), that, upon receipt by the United States District Court of a *pro se* petition challenging an inmate's conviction or incarceration, whether titled or styled as a "section 2255" motion or something else, the District Court "should issue a notice to the petitioner explaining the effect of his pleadings." This *Miller* notice should advise the petitioner of the following:

**Option 1**. You can have your motion ruled upon as filed. A Petitioner who is satisfied that his initial 2255 Petition includes all the claims he wants to raise need not withdraw his Petition and can have the Court rule on it as is. That is **Option 1**. If you select Option 1, and this Court considers and denies your petition as filed and denies the claims you raise in this petition on the merits, you will not be able to file a second or subsequent petition at a later time challenging the same conviction on other grounds, absent exceptional circumstances, and the

issuance of a certificate of appealability by the United States Court of Appeals for the Third Circuit.

**Option 2**. If your motion is not styled as a section 2255 motion, this Court can recharacterize your motion as a section 2255 motion and resolve it as such, but in that case, you will lose the ability to file a second and successive petitions absent certification by the Court of Appeals. In your case, your motion **is** captioned as a "Motion to Vacate, Set Aside and Correct 28 USC 2255." Therefore, **Option 2** does not apply.

**Option 3**. You may withdraw the motion, and file one all-inclusive section 2255 petition within the one-year statutory period under the Antiterrorism Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244. A Petitioner who has filed a 2255 Petition may not know that all possible claims he wants to raise to challenge his conviction and sentence must be raised in a single 2255 Petition. Therefore, the Court offers to a Petitioner who wants to raise additional claims in his 2255 Petition, but which he did not include, the choice to withdraw the 2255 Petition that is presently filed on the docket so that he can then file a new 2255 Petition that would presumably include all the claims raised in the initial 2255 Petition as well as any claims he did not raise in the initial Petition. That is **Option 3**.

If you withdraw this filing and file later, **the later filing date will apply to calculate the timeliness of your petition**. Importantly, it is your responsibility to calculate the appropriate one-year statutory period as applied to the facts of your case in making any decision to withdraw your motion.

Because your motion is explicitly captioned "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," **Option 2** does not apply. Therefore, you are hereby directed to consider this *Miller* Notice, and to make an election between **Option 1** (to have your motion ruled upon as filed) or **Option 3** (withdraw your motion, in which case you may file one all-inclusive section 2255 petition **within the one-year statutory period** under the Antiterrorism Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244).

Regardless of whether a Petitioner asks the Court to rule on his Petition as is, or withdraws the Petition and files a new Petition, the Petitioner always has the right to seek review of the District Court's resolution of the Petition in the United States Court of Appeals for the Third Circuit.

Separately, Petitioner has filed a Request for a 30-day Extension of Time to File Memorandum of Law in Support of the Motion filed under 28 U.S.C. 2255. ECF No 2307. As set forth below, the deadline for returning the Statement of Intent Selection Form is October 1, 2026, well past a 30-day extension. Mr. Davis's request for an extension of time will be granted, for an extension through October 1, 2026.

Accordingly, the following Order is entered.

AND NOW, this 20th day of August 2026, it is HEREBY ORDERED that petitioner, Mikal Davis, shall file the **attached** "2255 Statement of Intent Selection Form" on or before

October 1, 2026, setting forth your intention to either have your motion ruled upon as filed as a 2255 motion (and lose your ability to file a second or successive petition absent certification by the court of appeals) or to withdraw your motion, in which case you may file one all-inclusive § 2255 petition **subject, however, to the one-year statutory limitation period**, which calculates from the final judgment as prescribed by the AEDPA for section 2255 petitions.

In the event you do not file your Statement of Intent on or before October 1, 2026, this Court will issue a briefing order and proceed to determine the motion you filed at ECF No. 2306, as a section 2255 motion, with attendant consequences under AEDPA.

IT IS FURTHER ORDERED that Mr. Davis's Request for a 30-day Extension of Time to File Memorandum of Law in Support of the Motion filed under 28 U.S.C. 2255, ECF No. 2307, is GRANTED. Mr. Davis's deadline for filing a Memorandum of Law in support of his Motion is October 1, 2026.

It is FURTHER ORDERED that the deadline for the government to respond to the Petition is extended until further Order of Court.

s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge

Mikal Davis
Register No. 55016-509
FCI FORT DIX

FCI Allenwood Low
P.O. BOX 1000